IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

M. DENISE TOLLIVER,    :
            :   C.A. No. K18C-02-010WLW
    Plaintiff,   :
            :
            :
   v.        :
            :
HIGHMARK BSBSD, INC.,   :
            :
    Defendant.  :

Submitted: March 23, 2018
Decided: May 10, 2018

## ORDER

Upon Defendant's Motion to Dismiss.
*Granted in part;*
*With a Limited Right to File an Amended Complaint.*

Ms. M. Denise Tolliver, *pro se* Plaintiff

Geoffrey G. Grivner, Esquire of Buchanan Ingersoll & Rooney, P.C., Wilmington, Delaware; attorney for the Defendant.

WITHAM, R.J.

Upon consideration of M. Denise Tolliver's Complaint,[1] Highmark BSBSD, Inc.'s Motion to Dismiss, and Ms. Tolliver's Response, it appears that:

1. On August 6, 2014, Highmark BSBSD, Inc. (hereinafter, "Highmark") offered, in writing (hereinafter, the "Hiring Letter"), to hire Ms. Tolliver as an Associate Customer Service Representative. Upon acceptance of Highmark's offer, the Hiring Letter provided that Ms. Tolliver's at-will employment relationship with Highmark would begin.

2. Although the exact date of acceptance is unclear, the parties agree that Ms. Tolliver accepted Highmark's offer of employment.

3. On August 20, 2014, Ms. Tolliver contends that she requested permission from Highmark to attend pre-arranged medical appointments, related to her disability, that coincided with her forthcoming mandatory employment training.

4. On August 25, 2014, as stipulated in the Hiring Letter, Ms. Tolliver reported for the first day of her employment at Highmark. During this first day, Ms. Tolliver again requested permission to attend the pre-arranged medical appointments related to her disability.

5. On August 26, 2014, Highmark allegedly terminated Ms. Tolliver.[2]

6. On June 11, 2015, Ms. Tolliver filed a Charge of Discrimination with the Delaware Department of Labor (hereinafter, "DDOL") alleging that: (a) Highmark

---

[1] The facts derive from Ms. Tolliver's Complaint and the five exhibits attached thereto.

[2] Highmark disputes this, claiming instead that Ms. Tolliver voluntary resigned.

"failed to provide her with a reasonable accommodation after she requested time off due to her disability;" and (b) that she was terminated "for requesting days off for her disability."

7. On June 18, 2015, Dan McGannon, an administrator for the DDOL's Office of Anti-Discrimination, advised Ms. Tolliver that her previously filed Charge of Discrimination was transferred to the Equal Employment Opportunity Commission's (hereinafter, "EEOC") office in Philadelphia because Ms. Tolliver's charge alleged adverse employment which occurred beyond the 120-day statute of limitations for filing a charge under state law. Therefore, the DDOL did not have jurisdiction to consider it.

8. On November 15, 2017, the EEOC issued Ms. Tolliver a Notice of Right to Sue. The notice stipulated that the EEOC closed its file on Ms. Tolliver's charge because the EEOC was unable to conclude that the information obtained established violations of Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act. Perhaps more importantly, however, the notice informed Ms. Tolliver that she "may file a lawsuit against [Highmark] under federal law based on this charge in federal or state court."

9. On February 12, 2018, Ms. Tolliver filed her Complaint in this Court alleging two counts. First, Ms. Tolliver contends that her termination constituted a breach of an implied contract with Highmark because she was deprived of Paid Time Off (hereinafter, "PTO") to attend previously scheduled medical appointments, even though her hiring letter from Highmark stated that Highmark provides employees

with PTO. Second, Ms. Tolliver contends that Highmark violated Section 720 of the Delaware Discrimination in Employment Act (hereinafter, "DDEA")[3] because her termination constituted both a failure to provide a reasonable accommodation for her disability and retaliation for requesting such an accommodation.

10. On March 20, 2018, Highmark filed a Motion to Dismiss Ms. Tolliver's Complaint. First, Highmark contends that Ms. Tolliver's Complaint should be dismissed because her "implied contract" claim is time barred pursuant to 10 *Del. C.* § 8106. The claim also fails because, according to Highmark, Ms. Tolliver does not have a contractual right, implied or otherwise, to take PTO. Second, Highmark contends that Ms. Tolliver's DDEA "disability and retaliation" claim should be dismissed as untimely because Ms. Tolliver did not file a charge with the DDOL within 120 days of the alleged adverse employment practice.

11. On March 23, 2018, Ms. Tolliver filed her Response to Highmark's Motion to Dismiss. First, Ms. Tolliver contends that her implied contract claim is not barred because it falls under the "at-will employment exceptions," more specifically, "public-policy, implied contract and covenant of good faith." Second, Ms. Tolliver contends that her DDEA "disability and retaliation" claim should not be governed by the 120-day statute of limitations, referenced by Highmark, because 19 *Del. C.* § 712(c)(1) was amended to increase the limitations period to 300 days. In the alternative, Ms. Tolliver contends that her Complaint should not be dismissed

---

[3] *See* 19 *Del. C.* § 720.

because the "EEOC on August 29, 2016 issued its Enforcement Guidance on Retaliation and Related Issues which shows that [Highmark] indeed acted unlawfully." Third, Ms. Tolliver contends that, "[u]nder FEPA, issuance of Delaware Right to Sue is a curable defect in so far as notice is provided to the court prior to trial."

## STANDARD OF REVIEW

12. When deciding a motion to dismiss under Superior Court Civil Rule 12(b)(6), all well-pleaded allegations in the complaint must be accepted as true.[4] The test for sufficiency is a broad one, that is, the complaint will survive the motion to dismiss so long as "a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[5] Stated differently, a complaint will not be dismissed unless it clearly lacks factual or legal merit.[6] In considering a motion to dismiss under Rule 12(b)(6), the Court generally may not consider matters outside the complaint.[7] However, documents that are integral to or incorporated by reference in the complaint may be considered.[8]

## DISCUSSION

---

[4] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[5] *Id.* (citing *Klein v. Sunbeam Corp.*, 94 A.2d 385 (Del. 1952)).

[6] *Diamond State Tel. Co. v. Univ. of Del.*, 269 A.2d 52, 58 (Del. 1970).

[7] *See* Super. Ct. Civ. R. 12(b).

[8] *See In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 70 (Del. 1995).

*Count I: Breach of Implied Contract*

13. In Delaware, there is a three-year statute of limitations for actions based on a promise.[9] The limitations period starts to run when the cause of action accrues.[10] Highmark terminated Ms. Tolliver on or about August 26, 2014. Yet, Ms. Tolliver filed the Complaint in the instant matter on February 12, 2018, more than three years and five months after Highmark's supposed breach of its alleged promise to provide Ms. Tolliver PTO for her medical appointments.[11] Therefore, regardless of whether or not an implied contract actually existed, Ms. Tolliver's first claim is barred by the statute of limitations.[12]

*Count II: DDEA Claim*

14. In order to bring a civil action in Superior Court pursuant to the DDEA, a claimant must exhaust his or her administrative remedies and procure a Delaware

---

[9] *See* 10 *Del. C.* § 8106(a) (providing that "no action based on a promise . . . shall be brought after the expiration of 3 years from the accruing of the cause of action . . . .").

[10] *SmithKline Beecham Pharm. Co. v. Merck & Co.*, 766 A.2d 442, 450 (Del. 2000).

[11] Ms. Tolliver contends, in her Response to Highmark's Motion to Dismiss, that she was actually provided notice of her termination on December 16, 2014. But, even if this is true, such a distinction is irrelevant because Ms. Tolliver filed her Complaint more than three years from this date as well.

[12] The Court declines to toll the statute of limitations in this case, despite Ms. Tolliver's request, because Ms. Tolliver has failed to raise a recognized tolling doctrine applicable to 10 *Del. C.* § 8106. And, although the Court has reviewed Ms. Tolliver's pleadings in detail, the Court is unable to identify any facts that would trigger one of the following recognized tolling doctrines: "(1) inherently unknowable injuries; (2) fraudulent concealment; [or] (3) equitable tolling." *In re Dean Witter P'ship Litig.*, 1998 WL 442456, at *5-6 (Del. Ch. July 17, 1998).

Right to Sue Notice.[13] Those administrative remedies, as set forth in 19 *Del. C.* § 712, require a claimant to first file a charge of discrimination with the DDOL not more than 120 days after the alleged unlawful employment practice or its discovery.[14] Here, it is uncontested, that Ms. Tolliver filed a charge of discrimination with the DDOL on June 11, 2015, more than six months after the 120-day deadline.[15] Therefore, Ms. Tolliver's second claim is also barred as untimely.[16]

## CONCLUSION

15. In consideration of the foregoing, Highmark's Motion to Dismiss is hereby **GRANTED** because both of the claims asserted by Ms. Tolliver in her Complaint are

---

[13] 19 *Del. C.* § 714.

[14] At the time Ms. Tolliver filed her charge of discrimination, the DDEA required "[a]ny person claiming to be aggrieved by a violation of this chapter [to] first file a charge of discrimination within 120 days of the alleged unlawful employment practice . . . ." 19 *Del. C.* § 712(c)(1). Although the statute was amended to extend the filing deadline to 300 days, the amendment only became effective on July 19, 2016, more than a year after Ms. Tolliver filed her charge. Thus, the 120-day limitation applies.

[15] And again, even if the actual date of Ms. Tolliver's termination was December 16, 2014, her claim of discrimination would still have been untimely as it would exceed the 120-day deadline by more than two months. Thus, like Ms. Tolliver's breach of implied contract claim, this difference is irrelevant even if true.

[16] *See Bomberger v. Benchmark Builders, Inc.*, 2017 WL 1377595, at *2 (D. Del. Apr. 13, 2017) (where the district court dismissed count two of the plaintiff's complaint – alleging violations of the DDEA by the plaintiff's former employer – because the plaintiff had previously failed to submit a charge of discrimination to the DDOL within the 120-day limitations period prescribed by 19 *Del. C.* § 714). *See also Paitsel v. State*, 2016 WL 1424828, at *4 (Del. Super. Apr. 7, 2016) (where this Court stipulated that time is a jurisdictional requirement and cannot be excused unless it is attributable to an administrative error).

barred as untimely. However, since Ms. Tolliver is representing herself *pro se* and apparently misunderstood the Federal Right to Sue Notice that she received from the EEOC,[17] the Court finds that it is necessary to allow Ms. Tolliver to amend her Complaint. Therefore, although Ms. Tolliver's state law claims are barred, the Court will grant Ms. Tolliver **90-days** from the date of her receipt of this Order to amend her Complaint so that she may, in accordance with her Federal Right to Sue Notice, assert any claims that she might have under federal law.[18]

  **IT IS SO ORDERED.**

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

---

[17] Ms. Tolliver seemingly missed the portion of the Federal Right to Sue Notice that stated that she "may file a lawsuit against [Highmark] under *federal law* based on this charge in federal or state court."

[18] For clarification, ninety-days is not an arbitrary time period chosen by the Court. Rather, it is the time prescribed by the EEOC in the Federal Right to Sue Notice for filing a lawsuit after receipt of that notice.